Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Western District of New York



| | |
|---|---|
| **GLASCO WRIGHT,#90-A-6050** | Case No.    6:20-cv-06161-EAW |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | **Hon.ELIZABETH A. WOLFORD** |
| -v- | **UNTIED STATES DISTRICT COURT JUDGE** |
| **J. RICH,Superintendant; LT. PACHEN; SGT. GALPIN; C.O. NICHOLS; T.SWEET, P.C.C** | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | |

## AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATION

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



## 1. CAPTION OF ACTION

GLASCO WRIGHT, #90-A-6050

      Plaintiff,

    -vs-

J.Rich, Superintendent; Lt. PACHEN;
Sgt. R.GALPIN; C.O. E.NICHOLS;
T.SWEET, Program Committee Chairperson,

      Defendants,

AMENDED COMPLAINT FOR
CIVIL RIGHTS ACTION
UNDER 42 U.S.C. § 1983

Case No. 6:20-cv-06161

Hon.ELIZABETH A. WOLFORD
DISTRICT COURT JUDGE

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

### PLAINTIFF'S INFORMATION:

Name and Prisoner Number of Plaintiff: GLASCO WRIGHT, #90-A-6050
Present Place of Confinement & Address: 1897 Davis Street, Elmira Correctional Facility, P.O. Box 500, Elmira, New York 14902.

### DEFENDANT'S INFORMATION:

Name of Defendant: J. Rich.
Official Position of Defendant: Superintendent.
Defendant is Sued in his Individual Capacity.
Address of Defendant: 1879 Davis Street, Elmira Correctional Facility, P.O. Box 500, Elmira, New York 14902.

Name of Defendant: <u>PACHEN.</u>
Official Position of Defendant: <u>Lieutenant.</u>
Defendant is Sued in his <u>Individual Capacity.</u>
Address of Defendant: <u>1879 Davis Street, Elmira Correctional</u>
<u>Facility, P.O. Box 500, Elmira, New York 14902.</u>

Name of Defendant: <u>R. Galpin.</u>
Official Position of Defendant: <u>Sergeant.</u>
Defendant is Sued in his <u>Individual Capacity.</u>
Address of Defendant: <u>1879 Davis Street, Elmira Correctional</u>
<u>Facility, P.O. Box 500, Elmira, New York 14902.</u>

Name of Defendant: <u>E. Nichols.</u>
Official Position of Defendant: <u>Corrections Officer.</u>
Defendant is Sued in his <u>Individual Capacity.</u>
Address of Defendant: <u>1879 Davis Street, Elmira Correctional</u>
<u>Facility, P.O. Box 500, Elmira, New York 14902.</u>

Name of Defendant: <u>T. Sweet.</u>
Official Position of Defendant: <u>S.O.R.C.</u>
Defendant is Sued in her <u>Individual Capacity</u>
Address of Defendant: <u>1879 Davis Street, Elmira Correctional</u>
<u>Facility, P.O. Box 500, Elmira, New York 14902.</u>

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

There are currently no other State or Federal Lawsuits pending but, Plaintiff is currently contemplating filing an action in State Court of Claims.

**A. FIRST CLAIM:** On November 3, 2018 plaintiff filed a ("Harassment & Discrimination") complaint against C.O. E. Nichols, plaintiff filed another complaint of November 7, 2018. Several days after having answered the grievances, on November 16, 2018, C.O. Nichols filed a misbehavior report against [me] for ("Stealing Legal Copies & Disobeying a Direct Order").

On November 20, 2018 a Superintendent's disciplinary hearing was held. The hearing was adjourned per further investigation. On the morning of November 21, 2018, Lieutenant McCooey determined after his interview with the 'Senior Law Library Officer S. Lee' that this officer was doing something to [me] that he wasn't doing to any other legal clerk's. to wit; Making plaintiff pay for legal copies. The misbehavior report was dismissed. (Please see, PLAINTIFF'S EXHIBIT"A" DISBURSEMENT FORM ENDORSED BY DEFENDANT E. NICHOLS DEPICTING PLAINTIFF'S PAYMENT FOR LEGAL COPIES).

The constitutional basis for this claim under 42 U.S.C. § 1983 is: For Retaliation / Discrimination and Defendant's violation of Plaintiff's Equal Protection Rights under "A Class of One". In violation of the First and Fourteenth Amendments.

The relief I am seeking for this action is: Both Compensatory in the amount of $150,000.00 and Punitive in the amount of $150,000.00.

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? YES. If yes, what was the result? There were two grievances and both were appealed to Central Office Review Committee (CORC). #EL-49224-18 (Re Returned To Program) and #EL-49310-18 (Retaliation).

The results of the appeal process was (CORC) rendering an arbitrary decision by stating that ("This matter has been properly investigated by the facility administration and that Sgt.G., denies retaliating against grievant"). CORC in decision to grievance, (Re Returned To Program), stated that ("Grievant address concerns regarding program assignments to the program Committee Chairperson").

Plaintiff will attach EXHIBIT'S to this amended complaint which will prove that CORC had absolutely no documentation from this facilities administration to determine any of the grievances. Please see, PLAINTIFF'S EXHIBIT"B" CORC DECISIONS.

A. SECOND CLAIM: On the Morning of November 21, 2018 shortly after the dismissal of the misbehavior report, a grievance hearing was held where Sgt.Galpin became irate with [me] for filing grievances against C.O.Nichols. After [I] had explained that the misbehavior report was dismissed, Sgt.Galpin took the information obtained from the grievance hearing and initiated his own disciplinary action against [me] by removing [me] from the Institutional assigned program. On November 24, 2018 [I] received a new program card from Sgt.Galpin which read (Idle/Idle). On this very morning Sgt.Galpin called the housing unit and informed the A-Officer that the card was issued in err, and that [I] would be receiving [my] original card back the following weekend. [I] immediately filed a grievance against Sgt.Galpin for violating what is considered a protected right to be free from retaliation for exercising the institutional grievance process, and Directive 4040, and Dir. 4932. Having waited for several weeks to obtain [my] original program card back, [I] wrote to Sgt.Galpin on December 17, 2018. Please see, PLAINTIFF'S EXHIBIT"C" LETTER WRITTEN TO Sgt.Galpin). [I] was called to the Program Committee the very next day and forced to take a new program,(also, see, PLAINTIFF'S EXHIBIT"D" REQUEST FOR INMATE PROGRAM CHANGE).

The constitutional basis for this claim under 42 U.S.C. § 1983 is: For violating Plaintiff's rights to be free from Retaliation/Discrimination, the right to seek redress via the grievance process without [my] Liberty Interests being violated.

The relief I am seeking for this claim is: <u>Monetray in the form of Punitive damages in the amount of $150,000.00 and Compensatory damages in the amount of $150,000.00.</u>

**A. THIRD CLAIM** On November 27, 2018 I was called to the Guidance Unit for a grievance hearing regarding #EL-49224-18 (Re Returned To Program) where SORC T. Sweet did the investigation in which she states that [I] was returned to Legal General Clerk job "which is his current program now along with F-Block Porter". Later that very same morning she made an erroneous decision, which could have only come by speaking with Sgt.Galpin. In this next "Investigative Report" she states that ("he was removed from the program per inmate request"). Upon my receipt of this "Investigative Report" [I] wrote to SORC Rocker, who became the Chairperson, and [I] requested a copy of the request which [I] allegedly made for a new program. My first attempt was on December 12, 2019 and my second request was made on January 16, 2020. At no time did the program committee chairperson respond to any of the requests. On January 28, 2019 Lt.Pachen sent a MEMORANDUM to DSS Keller, in which he allegedly spoke to SORC T.Sweet, who informed him that ("a request for program removal was submitted by Officer E.Nichols stating Security Concerns as the reason for removal"). Plaintiff will attach these "Investigative Reports" the first will be **PLAINTIFF'S EXHIBIT"E","E1"** will have my requests attached, and "E2". Given the procedural safeguards and onus being placed on SORC T.Sweet to ensure that retaliation does not occur, if an Employee Recommendation caused the program change then the reason must be written on the REQUEST FOR INMATE PROGRAM CHANGE form.

5

This portion of the form is not mere surplusage, nor does Dir.4803 allow for any action to take place without the requisite documentation being placed in the inmate folder.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: <u>The same for each of the Defendant's named to this action.</u> The relief I am seeking for this claim is: <u>For Punitive Damages as well as Compensatory Damages, both in the amount of $150,000.00 Punitive and $150,000.00 Compensatory Damages.</u>

## A. FOURTH CLAIM:

On or about January 28, 2019 [I] was called to Shop #5 by Lt.Pachen regarding grievance #EL-49-310-18. This interview didn't last long as [I] understood that it was being conducted for the purpose of giving the appearance that the facility was interested in trying to prevent the retaliation and discriminatory actions which were taken against [me]. That was not the case. Lt. Pachen produced two pieces of what appeared to be scrap paper. The scrap paper was purported to be statements by Sgt. Galpin and C.O. Nichols. Sgt. Galpin wrote on his piece of scrap paper that "he only became aware of the incident during the grievance hearing", that was the extent of his statement. C.O. Nichols stated that he had written a "poor evaluation". I asked Lt. Pachen to produce the alleged "poor evaluation" depicting [my] signature, as well as the "Memorandum" sighting ("Security Concerns") for [my] removal from the program. He could not produce any of the documents. In his Memorandum to DSS Keller, Lt. Pachen states that he attached Sgt. Galpin's memorandum. There were a number of FOIL requests made to acquire these documents. Eventually [my] requests reached Central Office FOIL Unit.

(See, PLAINTIFF'S EXHIBIT"F" RESPONSE FROM CENTRAL OFFICE DATED FEBRUARY 12, 2021). [I] requested a copy of the investigation reports from Sgt. Waters and any statements related to that investigation for the grievance filed against C.O. Nichols for harassment. Central Office responded by informing Plaintiff that "no such records exist responsive to your request". [I] further requested a copy of the investigation reports conducted by Lt. Pachen for grievance complaint against Sgt. Galpin for retaliation. The only page which could be located is attached to the rear of EXHIBIT"F". [I] knew that there were no records submitted by either Lt. Pachen or anyone else but, to ensure the court that a diligent search was made by [me], a request was made for the "evaluation report & memorandum", "no records exist responsive to your request" was the reply issued by Central Office FOIL Unit. A copy of Central Office FOIL Unit response is also attached to the rear of EXHIBIT"F". Lt. Pachen's fabrication of the existence of these documents was not only done to promote and encourage this type of behavior but, it was done to table any further action taken by [me] to seek redress. On March 19, 2021 Central Office FOIL Appeals Officer contacted me stating he has sent [my] request back to the FOIL Unit to search for responsive records. As of this writing [I] have not heard from the FOIL Unit. It is noteworthy to mention that during this very brief interview, Lt. Pachen was the Program Committee Sergeant at the time Plaintiff re-entered this facility in 2013. Lt. Pachen tried to patronize [me] by saying that while he was the program committee Sgt., he also took similar types of actions against inmates.

7

[I] explained to Lt. Pachen that if he had done this to me, [I] would have certainly filed a grievance against him. It was also explained to Lt. Pachen who sought to have [me] accept a compromise of this systemic racism, once [I] stated. [I] do not compromise with anybody that works for the Department of Corrections especially when it comes to the violation of inmates rights, the interview was essentially over. Lt. Pachen not only fabricated documents to mislead CORC but, he was complicit in the retaliation and discrimination displayed by the other defendant's.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: <u>For this defendant's Retaliation / Discrimination and complicit actions in violation of Plaintiff's First and Fourteenth Amendments.</u>

The relief I am seeking for this action is: <u>Monetary in the form of Compensatory Damages in the amount of $150,000.00 and $150,000.00 in Punitive Damages.</u>

**A. FIFTH CLAIM:** Initially, J. Rich was the Deputy Superintendent of Security for this facility, he is now the Superintendent. While DSS he was required by Department Policy & Procedures to ensure that he fulfilled his obligation. The Department has a number of policies in place which instructs the Administration how to handle actions that "must" be taken upon the filing of a complaint which alleges retaliation or discrimination by staff against staff and/or staff against inmate. There are also a number of Policy & Procedures which state in pertinent part the actions which "must" be taken by the facility DSS upon his/her receipt of such complaints.

8

The most important part of Department Policy states that there "must" be a complete and thorough investigation of all the facts and that all interviews be conducted with those who have direct knowledge of the incident, and that all investigation reports, interviews shall be attached. J. Rich took no action as DSS required to ascertain all pertinent information from those who were involved. As his memorializing of allegations of a "Security Concern". It was his function to make sure that all records were forwarded to Central Office before coming to the conclusion that no such actions had occurred. (See, PLAINTIFF'S EXHIBIT"G" CASE HISTORY AND RECORD COVER SHEET). Inmate Grievance Program Supervisor M. O'Dell never received any information from J. Rich as required for prior to sending Plaintiff's folder to Central Office. J. Rich in holding a Superintendent's title was and/or should have been aware that his fabrications violated Plaintiff's liberty interests and the "Assignment to a program that is most likely to be useful in assisting to refrain from future violations of the law". His only interest was to protect the illegal actions of his staff, and to prevent Plaintiff from accessing the court's for a violation which should and/or could have been dealt with at the institutional level. The mere fact that this action took well over two years to obtain judicial review speaks to the lengths that prison officials will go through in order to deprive Plaintiff of his rights. With that being said, Plaintiff respectfully requests that defendant's produce before the court the documents relied on to make their arbitrary decision.

9

J. Rich also had a procedural obligation to submit a statement as to what actions he took to remedy the retaliation and discriminatory actions of Sgt. Galpin, C.O. Nichols, and T. Sweet.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: <u>For violating Plaintiff's rights along with Departmental Policy & Procedures and for the deliberate fabrication of Governmental Records.</u>

The relief I am seeking for this claim is: <u>Compensatory Damages in the amount of $150,000.00 and Punitive Damages in the amount of $150,000.00</u>

## 5. RELIEF SOUGHT

<u>I am seeking monetary relief from each of the defendant's named in this claim. As each were aware of their actions which resulted in their retaliation and discrimination taken against Plaintiff. In short I am seeking a judgment against each in the amount of $300,000.00.</u>

I will allow the Court to determine whether there should be a jury trial.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on April 28, 2021

Sworn to before me this
__ day of May 2021

Notary Public

Respectfully Submitted

Glasco Wright, #90-A-H050
Elmira Corr. Facility
P.O. Box 500
Elmira, New York 14902

Lawrence P Tolbert
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01T06406897
Qualified in Chemung County
Commission Expires 04/20/2024

10

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## DISBURSEMENT OR REFUND REQUEST

CELL LOCATION

NAME GLASCO WRIGHT    DATE Nov. 30    20 18

CODE TYPE

INMATE NUMBER 9 0 A 6 0 5 0    "SHORT NAME" G W R I

FIRST INITIAL
FIRST 3 OF LAST NAME

CHECK/ORDER NUMBER

RIGHT ADJUSTED WITH LEADING ZEROS

COMMISSARY PRODUCT GROUP    AMOUNT $ 1 1 1 . 3 0

SENT TO CODE
(SEE TABLE B-6)    ITEM DESCRIPTION PHOTO COPIES

| SENT TO OR PURCHASE FROM | LAST NAME | FIRST NAME | | MI | SUFF |
|---|---|---|---|---|---|
| | ADDRESS | L. L. | | APT. NO. | |
| | CITY | STATE | | ZIP CODE | |

**I HEREBY ACKNOWLEDGE EXPENDITURE OF THE AMOUNT TO BE DEDUCTED FROM MY INMATE ACCOUNT.**

APPROVED _____    DATE 11-3-18
(SOURCE AREA)

APPROVED _____    DATE 12/17/18
(BUSINESS OFFICE)

(INMATE SIGNATURE)

FORM 2706 (7/11)    Original - Business Office    Yellow - Approving Office    Pink - Inmate

Exh. A

| NEW YORK STATE Corrections and Community Supervision | Grievance Number EL-49224-18 | | Desig./Code I/1 | Date Filed 11/27/18 |
|---|---|---|---|---|
| | Associated Cases | | | Hearing Date 05/13/20 |
| ANDREW M. CUOMO Governor    ANTHONY J. ANNUCCI Acting Commissioner | Facility Elmira Correctional Facility | | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Be Returned To Program | | | |

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is denied.

CORC asserts that the inmate grievance program provides inmates with an orderly, fair, simple, and expeditious method for resolving grievances for which there is no avenue for redress or correction. However, the grievant's specific action requested seeks a remedy which is not available through CORC review.

Nonetheless, CORC recommends that the grievant address concerns regarding program assignments to the Program Committee Chairperson.

CORC notes that, pursuant to Directive #4040 § 701.6 (b), no reprisals of any kind shall be taken against an inmate or employee for good faith utilization of this grievance procedure. An inmate may pursue a complaint that a reprisal occurred through the grievance mechanism.

SMM/ral

-----------------------------------------------------------------------------------------------------------------

-----------------------------------------------------------------------------------------------------------------

*exh. B*

This document has been electronically signed by Shelley M. Mallozzi

90A6050     Wright, G.     G·8·10

| | | Grievance Number<br>EL-49310-18 | Desig./Code<br>I/49 | Date Filed<br>12/27/18 |
|---|---|---|---|---|
| NEW YORK STATE | **Corrections and Community Supervision** | Associated Cases | | Hearing Date<br>04/29/20 |
| ANDREW M. CUOMO<br>Governor | ANTHONY J. ANNUCCI<br>Acting Commissioner | Facility<br>Elmira Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM<br>CENTRAL OFFICE REVIEW COMMITTEE | | Title of Grievance<br>Retaliation | | |

### GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that this matter has been properly investigated by the facility administration, and that Sgt. G... denies retaliating against the grievant. It is noted that his program concerns are the subject of EL-49224-18, which is currently pending a CORC disposition, and that his allegations prior to December 2018 are untimely and should have been addressed at those times.

With respect to the grievant's appeal, CORC asserts that all relevant information must be presented at the time of filing in order for a proper investigation to be conducted at the facility level. CORC further asserts that neither Directive #4040 nor § 139 of NYS Correction Law requires that a grievant receive a copy of the Investigation Report, and that he may request copies of it through FOIL. CORC has not been presented with sufficient evidence of retaliation or malfeasance by staff.

CMV/

--------------------------------------------------------------------------------
--------------------------------------------------------------------------------



RECEIVED

MAY 1 2 2020

INMATE GRIEVANCE
PROGRAM OFFICE

This document has been electronically signed by Shelley M. Mallozzi

December 17, 2018

Sgt. Galpin:

You sent me a New Program Card on 11/24/18, and according to the A - Officer, who after speaking to you, informed me that this new program card was a mistake. Which I did not believe, as to my reason for the grievance dated 11/23/18. Upon reviewing SORC Sweets' response I signed off on the grievance as it was my belief that you would be sending my program card back to me. When I did not get the card on 12/1/18, I asked the A - Officer to call the guidance unit and speak to you. This took place on 12/3/18. You told the A -Officer that I would be getting a callout to the Program Committee, and that I was Idle/Idle. It has now been some two week's since that conversation took place, and I have yet to receive the callout nor have you returned my program card to me.

I can't say what your emotional attachment against the Lt's decision to dismiss the fabricated misbehavior report. Or why you didn't speak to your intention's at the grievance hearing on 11/21/18, that you had already initiated the process to issue me a New Program Card, when at this hearing the question was asked whether or not I still had my program ? My answer was that I didn't know. While this discussion was taking place, you had already passed judgment against me despite having received no disciplinary disposition.

The issuance of the program card on 11/24/18, make's it clear that prior to the grievance hearing on 11/21/18, that you would impose your own sanction's against me. If in fact your action's were not intentional, and were in fact taken in err. You could have easily

resended your decision, which you did not. Making your action's intentional and your interference with the process biased.

You are also aware of the fact that the action's which you have taken contrary to Directive 4040, and 4932, have paralyzed my legal action's. You have undoubtedly taken my complaint's against officer nichols and the dismissal of his fabricated misbehavior report against personally. I will retain a copy of this letter in the event that I an forced to file another grievance on this subject.

Respectfully

Glasco Wright,#90-A-6050

cc. gw

# REQUEST FOR INMATE PROGRAM CHANGE

DATE: 12/18/18     ETHNICITY (check one):  ☑ Black  ☐ White  ☐ Hispanic  ☐ Other

INMATE: Wright     Gyasco     DIN: 90A0050   CELL# F-8-2B
        (LAST)              (FIRST)

## Current Assignment

AM: Fb1k   PM: LL   EVE: _____   A/D: _____

## Education Information

Reading: _____   Math: _____   GED/HSE: _____   HS Diploma: _____

## Employee Recommendation

Reason for Request: _____

_____

_____

SUPERVISOR SIGNATURE \ TITLE          EMPLOYEE SIGNATURE \ TITLE

---

## ⇓ ⇓ THIS SECTION IS FOR PROGRAM COMMITTEE USE ONLY ⇓ ⇓

Meets 90 Day Requirement: Yes or No?     R.P.V.: Yes or No?     Vocational Required: Yes or No?

### Program Committee Appearance

I request the following     1. _____     3. _____
Program assignments:
                            2. _____     4. _____

Was Inmate assignment one of the above requested programs? _____ Yes _____ No

If Inmate was not assigned one of the above assignments, explain why: _____

_____

New Assignment is:  AM: ~~Bath~~ 12D104 Porter  PM: LPY Prog Tac Pam

Effective Date is: _____  EVE: Infirmary 19220l evening Pull  A/D:

_____        _____        12/18/18
/ Inmate Signature              Program Committee Chairperson          Date

Revised 01/07/04
FFPC101

Ⓓ

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL | Grievance No. EL-49224 | Date Filed 11/27/2018 |
|---|---|---|
| | Facility Elmira Correctional Facility | Date Due 12/5/2018 |
| **INMATE GRIEVANCE PROGRAM** INVESTIGATION | Grievant Wright, G | Din No 90A6050 |
| | Signature of Report Writer | Date 11/27/2018 |

## NAME OF PERSON(S) / TITLE AND / OR DEPARTMENT INVOLVED:

1.    T. Sweet SORC          2.

3.                                    4.

## INVESTIGATIVE REPORT

(Please specify name of person(s) whom you have received the various facts from.)

After reviewing the Grievance, I have attached Inmate Wright's program screen which indicated his job prior to his misbehavior report was Legal General Clerk it states he was removed for disciplinary reasons. However, it also indicated that he was placed back into the Legal Clerk job with the same pay which is his current program now along with F Block Porter.

**RELEVANT DOCS / FACILITY POLICY – CORC / COMMISSIONER DECISION**

**ADDITIONAL PERTINENT STATEMENT BY GRIEVANT:**



| | STATE OF NEW YORK | Grievance No. EL-49224 | Date Filed 11/27/2018 |
|---|---|---|---|
| | DEPARTMENT OF | Facility Elmira Correctional Facility | Date Due 12/5/2018 |
| | CORRECTIONAL | Grievant Wright, G | Din No 90A6050 |
| **INMATE GRIEVANCE PROGRAM** | | Signature of Report Writer | Date 11/27/2018 |
| **INVESTIGATION** | | | |

## NAME OF PERSON(S) / TITLE AND / OR DEPARTMENT INVOLVED:

1.      T. Sweet SORC          2.

3.                                    4.

## INVESTIGATIVE REPORT

**(Please specify name of person(s) whom you have received the various facts from.)**

After reviewing the Grievance, I have attached Inmate Wright's program screen which indicated his he was programmed into the legal general clerk job from 7/17/17 to 12/23/18 the end code states he was removed from the program per Inmate request.

## RELEVANT DOCS / FACILITY POLICY – CORC / COMMISSIONER DECISION

## ADDITIONAL PERTINENT STATEMENT BY GRIEVANT:



To: SORC Rocker, Guidance Unit
From: Glasco Wright, #90-A-6050, G6/33
Date: December 12,2019
**RE: COPY OF MY INMATE REQUEST FOR PROGRAM CHANGE**

SORC Rocker:

    I have just received a copy of my requested Program Screen. At this time I would request that you in accordance with **Directive No.4803, Inmate Program Placement.** Please forward to me a copy of the request received by the Program Committee Chairperson stating the reason for my request, which is supposed to be kept on file along with any related documentation. As my Program Screen reflects that on 12/23/2018 I made a request for a program change, which I believe to be in error, and the reason for this request, per Dir.No.4803,Sec.IX.(B)(2).

    Thanking - You in advance for your time and attention in this matter.

Respectfully,

Glasco Wright, #90-A-6050


cc: Deputy Superintendent for Program Services
      Deputy Superintendent for Administration

E (2)

To: SORC ROCKER, PROGRAM COMMITTEE CHAIRPERSON

From: GLASCO WRIGHT, #90-A-6050, G6/33

Date: January 16,2020

Re:  SECOND REQUEST

SORC Rocker:

on December 12,2019, I wrote to you regarding a copy of my request for a Program Change which according to my Inmate Program Assignment Inquiry Screen, reflects that I made a request for a program change. In my letter I also referenced provisions of **Directive No.4803, Inmate Program Placement.** As of the date above, it has been over a calendar month since I forwarded my request to you and I have not heard anything from you as to your receipt of my request and/or if you plan to honor the request.

Again I would request that you "Please" forward me a copy of the request which according to the Program Screen I made on or about 12/24/18. This request is being made pursuant to **Dir.No.4803,Sec.IX(B)(2).** In the event that no such request has been made and/or if no such request exist please inform this writer immediately, or as reasonably convenient for you.

Thanking - You in advance for your time and patience in this matter.

Respectfully

*Glasco Wright*

Glasco Wright,#90-A-6050

cc. Deputy Superintendent for Program Services
    Deputy Superintendent for Administration



**NEW YORK STATE** | **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

February 12, 2021

Wright, Glasco 90A6050
Elmira CF
PO BOX 500
Elmira, NY 14901-0500

**Re:    FOIL Log No. DOCCS-20-08-288**

Dear Mr. Wright-

This is in response to your New York State Freedom of Information Law request seeking:

*1.  Misbehavior report dated 11/16/18.*

A diligent search for responsive records was conducted, and no records exist responsive to your request.

*2.  Copy of the investigation reports from Sgt. Waters and any statements related to that investigation for the grievance filed again CO Nichols for Harassment.*

A diligent search for responsive records was conducted, and no records exist responsive to your request.

*3.  Copy of the investigation reports conducted by Lt. Pachen for grievance complaint against Sgt. Galpin for retaliation.*

As to item 3, we have 1 page of responsive records. Information will be redacted pursuant to:

- Public Officers' Law §87(2)(b) where the records, if disclosed, would constitute an unwarranted invasion of personal privacy.
- Public Officers' Law §87(2)(f) where the records, if disclosed, could endanger the life or safety of any person.

*4.  Copy of the evaluation report & memorandum written by CO Nichols relating to Security reasons as stated by Sgt. Galpin in decision to EL-49-224-18.*

A diligent search for responsive records was conducted, and no records exist responsive to your request.

5. *Any and all complaints, allegations and charges lodged against CO Nichols and Sgt. Galpin while employees of DOCCS.*

As to item 5, we have 16 pages of responsive records. Information will be redacted pursuant to:

- Public Officers' Law §87(2)(b) where the records, if disclosed, would constitute an unwarranted invasion of personal privacy.
- Public Officers' Law §87(2)(f) where the records, if disclosed, could endanger the life or safety of any person.

With respect to records relating to unsubstantiated claim(s) of misconduct, in light of pending litigation regarding the impact of the repeal of Civil Rights Law 50-a, we are holding in abeyance release of such records until the courts have had an opportunity to rule on the merits of those lawsuits. Please note, such records may ultimately be exempt from disclosure pursuant to applicable privileges and FOIL exemptions, including personal privacy under POL 87(2)(b), documents that are a compilation for law enforcement purposes under POL 87(2)(e), life and safety under POL 87(2)(f) and/or inter-intra agency materials under POL 87(2)(g).

If you wish to purchase the 17 pages of available records, please send a check in the amount of $4.25, covering the $0.25 per page photocopying fee, to:

Office of Counsel – FOIL
New York State Department of Corrections and Community Supervision
The Harriman State Campus
1220 Washington Ave
Albany, NY 12226

Please do not send us a disbursement as only your current facility can process it.

Pursuant to Public Officers Law § 89(4)(a), any appeals must be in writing and mailed to the Office of Counsel, Department of Corrections and Community Supervision, State Campus, Building #9, 1220 Washington Avenue, Albany, New York 12226.

Sincerely,

*Nadene Shultis*
FOIL Unit





**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

**RECEIVED**

## MEMORANDUM

**JAN 2 8** 2019

TO:    DSS K████

FROM:    Lt. P████

**ELMIRA** CORR. & REC. CTR.
DEPT. SUPERINTENDENT

SUBJECT:    Grievance #EL-49-310-18

DATE:    **1/28/2019**

Sir,

I interviewed inmate Wright, G. #90A6050 on 1/28/2019, regarding the above noted grievance. This interview was conducted in Shop #5 at approximately 9:00 am. Inmate Wright verbally reiterated his grievance to me but offered no witnesses to support the allegations.

As part of my investigation, I interviewed Sgt. G████ regarding the allegations against him. Sgt. G████ denies the allegations and I have attached his memo stating such. I also spoke with SORC ████ S ████ by telephone. She informed me that a request for program removal was submitted by Officer ████ N████ stating Security Concerns as the reason for removal. Inmate Wright was then seen by the program committee where he accepted and was assigned a new program effective 12/24/2018 (see attached).

Based on my investigation and the information provided to me by staff and inmate Wright, I find no evidence to support the allegations within this grievance. I recommend that it be dismissed entirely.

Respectfully submitted,





**NEW YORK STATE** | **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

March 19, 2021

Glasco Wright (90A6050)
Elmira Correctional Facility
1879 Davis Street
P.O. Box 500
Elmira, New York 14902

**Re:    FOIL Appeal Log No. A-0172-21**

Dear Mr. Wright:

Counsel's Office reviewed your Freedom of Information Law ("FOIL") appeal dated February 22, 2021 and received on March 4, 2021. We also reviewed your initial request to the Central Office FOIL Unit dated July 10, 2020 (FOIL Log No. 20-08-288).

In your appeal, you sought a Misbehavior Report written in November 2018 and records "related to the investigation related to your complaint for harassment/retaliation which was allegedly investigated and found to be without merit."

Based on our review of this matter, we have confirmed that a diligent search was conducted for the requested Misbehavior Report dated November 16, 2018 and no records could be located. This portion of your appeal is denied.

With regard to your request for additional investigation records, this portion of your appeal is returned to the Central Office FOIL Unit to search for responsive records. You should expect additional correspondence within 20 business days. At that time, if necessary, you may renew your appeal.

Accordingly, your appeal is DENIED IN PART/GRANTED IN PART.

Regards,

*Michael J. Ranieri*

Michael J. Ranieri
FOIL Appeals Officer

MJR
Cc:    Central Office FOIL Unit
       FOIL Officer, Elmira Correctional Facility
       Superintendent, Elmira Correctional Facility
       Committee on Open Government
       Central Files



## ELMIRA CORRECTIONAL FACILITY
### CASE HISTORY AND RECORD COVER SHEET

GRIEVANCE #:    EL 49310-18

NAME:    Wright, G.

DIN #:    90A6050          CONSOLIDATED Y/N: N

TITLE:    Retaliation

CODE:    49          I/D: I

DATE FILED:    12/27/18

IGRC DATE:    PT

SUPERINTENDENT DATE:    02/04/19

APPEAL DATE:    02/26/19

**INVESTIGATION NOTES:**

Will send 49224 response when received back from Supt.

IGP SUPERVISOR'S SIGNATURE: M. ODell          DATE: 3/1/19

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
　　　　　　　　　)ss.
COUNTY OF CHEMUNG)

　　　**Glasco Wright,** being duly sworn, deposes and says:

　　　That on the below date of notarization, I served the following papers: **THREE (3) ORIGINALS AND TEN (10) COPIES OF AN AMENDED COMPLAINT UNDER 42 U.S.C. § 1983 w/EXHIBITS ATTACHED.** by mailing same in a First Class Postage Paid sealed wrapper to be delivered to the person(s) listed below via the United States Postal Service, by placing same in an Official Depository under the Exclusive Care, Custody, and Control of the Elmira Correctional Facility:

Mr. Charles S. Carra, Esq., Pro Se Staff Attorney, CLERK'S OFFICE, 2120 U.S. Courthouse, UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK, ROCHESTER, NEW YORK 14614-1387.

Sworn to before me this

**4th** day of May 2021

_____
Notary Public

Respectfully submitted

Glasco Wright,#90-A-6050

**Lawrence P Tolbert**
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01TO6406897
Qualified in Chemung County
Commission Expires 04/20/2024

Mr. Glasco Wright,#90-A-6050
Elmira Corr. Facility
P.O. Box 500
Elmira, New York 14902

May 3, 2021

Mr. Charles S. Carra, Esq.
Pro Se Staff Attorney
2120 U.S. Courthouse
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
100 State Street
Rochester, New York 14614

### RE: FILING OF AMENDED COMPLAINT
### 6:20-cv-06161-EAW

Dear Mr. Carra:

Enclosed for filing please find **Three (3) Original Amended Complaints** as well as **Ten (10) Copies**, one for each of the five defendant's plus five additional copies. If for some reason I have not filed the requisite number of copies, please inform me of the error and I will move with respect to correct it right away. I have also attached EXHIBITS to each of the originals and copies. Thanking you in advance for your time and patience in this matter.

Respectfully

Glasco Wright,#90-A-6050